IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ERIC F. AICHER,

       Plaintiff,

vs.                                  No. CV 16-01065 RB/LF

CORRECTIONS OFFICER POLLARD,
et al., JOHN DOE 1-100,

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court under 28 U.S.C. §§ 1915A and 1915(e)(2)(B), and Fed. R. Civ. P. 12(b)(6), on the Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 filed by Plaintiff Eric F. Aicher. (Doc. 1.) The Court will dismiss Plaintiff's Complaint for failure to state a claim on which relief can be granted, but will permit Plaintiff to file an amended complaint.

Plaintiff Eric F. Aicher is serving sentences totaling 31.5 years on several convictions in New Mexico state court for multiple sex offenses against minor children and other violent crimes.[1] At the time he filed the Complaint, Plaintiff was an inmate incarcerated at the Lea County Correctional Facility (LCCF) in Hobbs, New Mexico. (Doc. 1 at 1.) Plaintiff's Complaint alleges violation of his First, Eighth, and Fourteenth Amendment rights under the United States Constitution and "Human Rights, Article 1, 5, 12, 18 and 19 and New Mexico State Law." (*Id.* at 3.) As Defendants, Plaintiff names Corrections Officer Pollard and Sergeant

---

[1] The Court has reviewed the official records in Aicher's state court proceedings through the New Mexico Supreme Court's Secured Online Public Access (SOPA). The Court takes judicial notice of the official New Mexico court records in Aicher's criminal cases, State of New Mexico case nos. D-725-CR-2000-00085, 00086, 00087, and 00088. *United States v. Ahidley,* 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) (The Court may take judicial notice of publicly filed records in this court and other courts concerning matters that bear directly upon the disposition of the case at hand); *Shoulders v. Dinwiddie,* 2006 WL 2792671 (W.D. Okla. 2006) (court may take judicial notice of state court records available on the world wide web including docket sheets in district courts); *Stack v. McCotter,* 2003 WL 22422416 (10th Cir. 2003) (finding state district court's docket sheet is an official court record subject to judicial notice under Fed.R. Evid. 201).

1

Gonzales, Supervisor. (*Id.* at 1–2.) Plaintiff seeks $750,000.00 in compensatory and punitive damages from the Defendants. (*Id.* at 8.)

In Count I, Plaintiff alleges that Officer Pollard "violated plaintiff's 8th Amendment rights, his First Amendment as well plaintiffs Fourteenth Amendment Right afforded to plaintiff under the United States Constitution as well slanderd the plaintiff by maliciously taunting the plaintiff with unwanted or unprovoked slurs, comments and jokes about his ethnicity, religion, faith and beliefs because plaintiff is Jewish."[2] (*Id.* at 3.) Count II of the Complaint avers that "Officer Pollard is in violation of Plaintiff's Human Rights . . . by failing to protect plaintiff from unreasonable risk to life, liberty and happiness and to provide plaintiff with a safe environment by his statements directed to the plaintiff in his presences and absent of his presences by others." (*Id.* at 3.) Last, the allegations of Count III of the Complaint are that "Sgt. Gonzales is in violation of Plaintiffs 8th, 14th and 1st Amendment rights afforded Plaintiff by the U.S. Constitution and New Mexico state law. Sgt. Gonzales was also negligent by failing to protect plaintiff from unreasonable risks to life, liberty and happiness. Defendant was also with deliberate indifference. Sgt. Gonzales is in violation of plaintiff's Human Rights as follows: 1, 5, 12." (*Id.* at 7.)

Aicher has filed multiple notices of change of address during the pendency of this proceeding indicating that he was transferred out of LCCF and incarcerated at other New Mexico correctional facilities. (*See* Docs. 6, 9, 28, 29, 30, 31.) He is presently housed at Northeastern New Mexico Correctional Facility in Clayton, New Mexico. (Doc. 30.)

---

[2] Throughout this Opinion, the Court retains all spelling and grammatical errors as written in Plaintiff's Complaint. (*See* Doc. 1.)

## DISMISSALS FOR FAILURE TO STATE A CLAIM

Plaintiff Aicher is a frequent litigator in this Court and is proceeding pro se and *in forma pauperis*.[3] The Court has the discretion to dismiss an *in forma pauperis* complaint for failure to state a claim upon which relief may be granted under either Fed. R. Civ. P. 12(b)(6) or 28 U.S.C. § 1915(e)(2)(B). A claim should be dismissed where it is legally or factually insufficient to state a plausible claim for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

Under Fed. R. Civ. P. 12(b)(6), the Court must accept all well-pled factual allegations, but not conclusory, unsupported allegations, and may not consider matters outside the pleadings. *Twombly*, 550 U.S. at 555; *Dunn v. White*, 880 F.2d 1188, 1190 (10th Cir. 1989). The court may dismiss a complaint under Rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Okla. Dep't of Human Servs.*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

Under § 1915(e)(2)(B), the court may dismiss the complaint at any time if the court determines the action fails to state a claim upon which relief may be granted. § 1915(e)(2)(B)(2). The authority granted by § 1915 permits the court the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). *See also Hall*, 935 F.2d at 1109. The authority to "pierce the veil of the complaint's factual allegations" means that a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations. *Denton v. Hernandez*, 504 U.S. 25, 32–33

---

[3] *See Aicher v. Marquez*, No. CV 13-00866 MV/CG, *Aicher v. Lea County Corr. Facility*, No. CV 13-01135 WJ/KBM, *Aicher v. Access Corr.*, No. CV 15-00108 RB/SMV, *Aicher v. Ali*, No. CV 15-00552 JB/SCY, and *Aicher v. N.M. Dep't of Corr.*, No. CV 16-00914 MCA/SMV.

(1992). The court is not required to accept the truth of the plaintiff's allegations but, instead, may go beyond the pleadings and consider any other materials filed by the parties, as well as court proceedings subject to judicial notice. *Denton*, 504 U.S. at 32–33.

The Court liberally construes the factual allegations in reviewing a pro se complaint. *See Northington v. Jackson*, 973 F.2d 1518, 1520–21 (10th Cir. 1992). However, a pro se plaintiff's pleadings are judged by the same legal standards that apply to all litigants, and a pro se plaintiff must abide by the applicable rules of court. *Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994). The court is not obligated to craft legal theories for the plaintiff or to supply factual allegations to support the plaintiff's claims. Nor may the court assume the role of advocate for the pro se litigant. *Hall*, 935 F.2d at 1110.

## ANALYSIS OF PLAINTIFF'S CLAIMS

**I. Federal Constitutional Violations:** In his Complaint, Plaintiff alleges claims for violations of his constitutional rights under the First, Eighth, and Fourteenth Amendments. (Doc. 1 at 3, 7.) The exclusive vehicle for vindication of substantive rights under the Constitution is 42 U.S.C. § 1983. *See Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (Section 1983 creates no substantive rights; rather it is the means through which a plaintiff may seek redress for deprivations of rights established in the Constitution); *Bolden v. City of Topeka*, 441 F.3d 1129 (10th Cir. 2006).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must assert acts by government officials acting under color of law that result in a deprivation of rights secured by the United States Constitution. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988). There must be a connection between official conduct and the violation of a constitutional right. Conduct that

is not connected to a constitutional violation is not actionable under Section 1983. *See Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 1998).

Further, a civil rights action against a public official or entity may not be based solely on a theory of respondeat superior liability for the actions of co-workers or subordinates. A plaintiff must plead that each government official, through the official's own individual actions, has violated the Constitution. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Plaintiff must allege some personal involvement by an identified official in the alleged constitutional violation to succeed under § 1983. *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008). In a Section 1983 action, it is particularly important that a plaintiff's complaint "make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma,* 519 F.3d 1242, 1249-50 (10th Cir. 2008).

Aicher claims that his Eighth and Fourteenth Amendment rights have been violated by anti-Semitic slurs, comments, jokes, and taunts made by Defendant Pollard because Aicher is Jewish. (Doc. 1 at 3.) An inmate's claims of verbal insults, threats and derogatory remarks, standing alone, are not cognizable under § 1983. *Robertson v. Plano City*, 70 F.3d 21, 24 (5th Cir. 1995). Without more, threatening language or gestures of a custodial officer do not, even if true, amount to constitutional violations. *Id.*; *accord Watson v. Winborn*, 67 F. App'x 241, 241 (5th Cir. 2003); *Calhoun v. Hargrove*, 312 F.3d 730, 734 (5th Cir. 2002); *Bender v. Brumley*, 1 F.3d 271, 274 n.4 (5th Cir. 1993). It also is well settled that "[c]laims of hurt feelings, humiliation, and other heartfelt, yet objectively trivial indignities, are not of Constitutional moment . . . ." *Jackson v. Liberty Cty.*, 860 F. Supp. 360, 363 (E.D. Tex. 1994); *see also*, *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979) (verbal harassment consisting of sheriff's threat to "hang" prisoner does not state constitutional deprivation actionable under § 1983); *Cowles-Sims*

*v. Fields*, 72 F. App'x 827, 831 (10th Cir. 2003); *Curiale v. Hawkins*, 139 F. App'x 21, 23 (10th Cir. 2005). Aicher's allegations regarding Officer Pollard's alleged anti-Semitic slurs, comments, jokes, and taunts do not rise to a level sufficient to state a § 1983 claim for relief.

Further, to the extent Plaintiff is claiming that inmate Archibeque was incited to beat Plaintiff because of Officer Pollard's anti-Semitic comments, the factual allegations are insufficient to establish a causal connection between Pollard's alleged slurs and Archibeque's actions. Plaintiff only alleges:

> "Plaintiff *feels* the comments made to plaintiff by John Archibeque prior to the attack were motivated by Officer Pollard's comments made openly in the pod in front of others towards Plaintiff, and *possibly* fueled the attack on Plaintiff."

(Doc. 1 at 5 (emphasis added).) Plaintiff's additional allegation that Officer Pollard was on duty at the time of the attack, without more, is similarly insufficient to show that Archibeque's attack was, in fact, caused in whole or in part by Officer Pollard's comments. (*Id.* at 1.) The Complaint does not state an Eighth or Fourteenth Amendment claim against Officer Pollard. *See Trask*, 446 F.3d at 1046.

Second, Plaintiff alleges that his First Amendment rights have also been violated by Pollard's anti-Jewish comments and slurs. When a religious exercise claim under the First Amendment is identified, the next step is to determine whether the government has imposed a substantial burden on the exercise of a sincerely held religious belief.[4] This inquiry must focus on the coercive impacts of the government's actions on the individual claimant's ability to engage in a religious exercise. The Tenth Circuit has found a burden to be substantial where: the government (1) requires the plaintiff to participate in an activity prohibited by a sincerely held

---

[4] For purposes of this Opinion, the Court assumes that Plaintiff has sincerely held orthodox Jewish beliefs. However, the Court notes that Aicher's arrest and booking records state that his religion is Roman Catholic. *See, e.g.*, New Mexico Corrections Department Offender Detail, www.cd.nm.gov offender search.

religious belief, (2) prevents the plaintiff from participating in an activity motivated by a sincerely held religious belief, or (3) places considerable pressure on the plaintiff to violate a sincerely held religious belief. *Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1314–15 (10th Cir. 2010); *see also Lyng v. Nw. Indian Cemetery Protective Ass'n*, 485 U.S. 439, 450 (1988); *Thomas v. Review Bd. of Ind. Emp't Sec. Div.*, 450 U.S. 707, 716–18 (1981); *Yellowbear v. Lampert*, 741 F.3d 48, 55 (10th Cir. 2014).

As a threshold matter, when faced with a First Amendment claim, a court must inquire as to whether the prisoner has fulfilled his burden of alleging sufficient facts to indicate his ability to practice his "sincerely-held religious belief" has been "substantially burdened." *Gladson v. Iowa Dep't of Corr.*, 551 F.3d 825, 833 (8th Cir. 2009). A plaintiff must demonstrate the "substantial burden" is more than a mere inconvenience. *Abdulhaseeb*, 600 F.3d at 1316. If the answer to the substantial burden inquiry is negative, the court need not examine the claim further because the Plaintiff is unable to prevail without showing a substantial burden. *Gladson*, 551 F.3d at 833.

The allegations of Plaintiff's Complaint do not state a First Amendment claim for relief. Although Plaintiff complains about Officer Pollard's alleged statements, his Complaint does not allege that Pollard's comments prevented him from participating in any religious activity, nor are there any factual allegations that could be construed as showing a substantial burden on his exercise of religious rights. *Abdulhaseeb*, 600 F.3d at 1314–15. Plaintiff does not state a plausible claim that Officer Pollard violated his First Amendment rights. *See Twombly*, 550 U.S. at 570.

Last, the Complaint does not state a § 1983 supervisory liability claim against Sergeant Gonzales. To state a claim against a supervisory official, it is not enough for a plaintiff to make

indefinite allegations that defendant was in charge of other state actors who actually committed the violation. Instead, the plaintiff must establish a deliberate, intentional act by the supervisor to violate constitutional rights. *Serna v. Colo. Dep't of Corr.*, 455 F.3d 1146, 1151 (10th Cir. 2006). To impose § 1983 liability, the plaintiff must establish the supervisor's subordinates violated the Constitution and an affirmative link between the supervisor and the violation. *Id.* To meet this "affirmative link" requirement a Plaintiff must show: (1) personal involvement by the supervisor, (2) sufficient causal connection between the supervisor's personal involvement and the constitutional violation, and (3) a culpable state of mind on the part of the supervisor. *See id.* A plaintiff may establish the defendant-supervisor's personal involvement by demonstrating his personal participation in the constitutional violation, his actual exercise of control or direction over the officials in the commission of the violation, his failure to supervise, or his knowledge of the violation and acquiescence in it. *Poolaw v. Marcantel*, 565 F.3d 721, 732–33 (10th Cir. 2009); *Jenkins v. Wood*, 81 F.3d 988, 995 (10th Cir. 1996).

A defendant supervisor's promulgation, creation, implementation, or utilization of a policy that caused a deprivation of plaintiff's rights also may constitute sufficient personal involvement. *See Meade v. Grubbs*, 841 F.2d 1512, 1528 (10th Cir. 1988), *abrogated on other grounds by Ashcroft*, 556 U.S. 662. A plaintiff then must establish the requisite causal connection by showing the defendant set in motion a series of events that the defendant knew or reasonably should have known would cause others to deprive the plaintiff of his constitutional rights. *Poolaw,* 565 F.3d at 732–33; *see also, Snell v. Tunnell*, 920 F.2d 673, 700 (10th Cir. 1990). Last, the plaintiff is required to show the supervisor had a culpable state of mind, meaning "the supervisor acted knowingly or with 'deliberate indifference' that a constitutional violation

would occur." *Serna*, 455 F.3d at 1151, 1154; *see also Dodds v. Richardson*, 614 F.3d 1185, 1194–96 (10th Cir. 2010).

Plaintiff does not allege that Sergeant Gonzales was personally involved in any constitutional violation, nor does he claim that Gonzales created, implemented, or utilized any policy that resulted in a constitutional violation. *See Poolaw*, 565 F.3d at 732–33; *Meade*, 841 F.2d at 1528. More importantly, although he makes a generalized statement that Gonzales was deliberately indifferent, Plaintiff does not factually allege any culpable state of mind on the part of Sergeant Gonzales. *See Serna*, 455 F.3d at 1151, 1154. *Dodds*, 614 F.3d at 1194–96. The Complaint does not state a § 1983 claim against Sergeant Gonzales.

Plaintiff's claims of First, Eighth, and Fourteenth Amendment violations do not state a § 1983 claim for relief against either Officer Pollard or Sergeant Gonzales. The Court will dismiss all of Plaintiff's federal constitutional claims.

**II. Human Rights and State Law Claims:** In Counts II and III, Plaintiff asserts a cause of action for violation of "Human Rights, Article 1, 5, 12, 18 and 19" and "Article 1, 5, 12." (Doc. 1 at 3, 7.) Although he does not use the full title, the Court believes he is referring to the United Nations' Universal Declaration of Human Rights. Federal courts do not recognize a cause of action for state prisoners based on the Universal Declaration of Human Rights. *Sosa v. Alvarez-Machain*, 542 U.S. 692, 734–35 (2004); *Serra v. Lappin*, 600 F.3d 1191, 1196–97 & n.5 (9th Cir. 2010). His claims of violation of Human Rights do not state a claim for relief. Fed. R. Civ. P. 12(b)(6), 28 U.S.C. § 1915(e)(2)(B).

Plaintiff also alleges violation of "New Mexico State Laws, as well the Hate crimes Fed. State Laws Defendant is also negligent." (Doc. 1 at 3.) Plaintiff does not set out any factual allegations in support of Counts II or III but, instead, refers the Court to "attached statements,

9

Log enclosed." (*Id.*) The Court will not craft legal theories for Plaintiff or supply factual allegations to support his claims. *Hall*, 935 F.2d at 1110. Plaintiff's generalized and factually unsupported allegations of violations of state law, negligence, slander, and hate-crime laws do not state any plausible claim for relief. Fed. R. Civ. P. 12(b)(6); *Twombly,* 550 U.S. at 570. The Court will also dismiss Plaintiff's Human Rights and state law claims.

### **PENDING MOTIONS**

Plaintiff has also submitted a number of motions that are pending before the Court. First, he has filed four motions seeking leave to amend or supplement the Complaint: Motion to Amend Complaint and Amend Prayer for Relief (Doc. 13); Motion for Leave to Amend (Doc. 32); Motion to Supplement Complaint Under 15(d) (Doc. 40); and Motion to Supplement (Doc. 41). Amendment and supplementation of pleadings is governed by Fed. R. Civ. P. 15.

Rule 15(a) provides that a party may amend a pleading only with . . . the court's leave. Fed. R. Civ. P. 15(a)(2). Rule 15(a) also states that leave to amend "shall be freely given when justice so requires." Although the Court is to grant amendments freely when justice requires, the Court should deny a request to amend where the proposed amendment would be futile. *Jefferson Cty. Sch. Dist. No. R-1 v. Moody's Investor's Servs., Inc.,* 175 F.3d 848, 859 (10th Cir. 1999). Refusing leave to amend is proper on a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment. *Castleglen, Inc. v. Resolution Tr. Corp.*, 984 F.2d 1571, 1585 (10th Cir. 1993) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *Frank v. U.S.W., Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). Further, a plaintiff may not seek to amend a complaint in a manner that turns the complaint into a "moving target." It is unreasonable to expect the Court or

the defendants continually to have to adapt as the plaintiff develops new theories or locates new defendants. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006).

Rule 15 also states that "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). Rule 15(d) gives trial courts broad discretion to permit a party to serve a supplemental pleading setting forth post-complaint transactions, occurrences or events. *Walker v. United Parcel Serv., Inc.,* 240 F.3d 1268, 1278 (10th Cir. 2001). However, a plaintiff should not be permitted to add every perceived wrong allegedly committed during the course of the proceeding or assert claims involving parties and circumstances different from the original pleading. *See McDonald v. Miller*, 2009 WL 1163388 (W.D. Okla. Apr. 29, 2009); *Harris v. Morton*, 2007 WL 2365994 (N.D.N.Y. Aug. 16, 2007).

Plaintiff Aicher's motions to amend and supplement seek to add parties and assert claims that arose after and appear unrelated to the claims asserted against Officer Pollard and Sergeant Gonzales. Plaintiff's proposed amended and supplemental pleadings assert claims involving parties and circumstances different from the original pleading and turn the Complaint into a "moving target." *Minter*, 451 F.3d at 1206. The Court will deny Plaintiff's motions to amend and supplement without prejudice to Plaintiff's right to assert them in a separate case.

Second, Plaintiff has two pending motions seeking appointment of counsel. (Docs. 14; 33.) There is no right to appointment of counsel in civil cases. Instead, the decision whether to request assistance of counsel rests in the sound discretion of the Court. *Beaudry v. Corr. Corp. of Am.*, 331 F.3d 1164, 1169 (10th Cir. 2003); *MacCuish v. United States*, 844 F.2d 733, 735 (10th Cir. 1988). In determining whether to appoint counsel, the district court should consider the

merits of the litigant's claims, the nature and complexity of the factual and legal issues, and the litigant's ability to investigate the facts and to present his claims. *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004). The Court has reviewed the Complaint and subsequent filings in light of the foregoing factors. Plaintiff appears to understand the issues in the case and to be representing himself in an intelligent and capable manner. *See Lucero v. Gunter*, 52 F.3d 874, 878 (10th Cir. 1995). Accordingly, the Court will deny the request for appointment of counsel.

Last, Plaintiff has also filed a Motion to Correct Error in Log (Doc. 39), Motion to Suppress First Affidavit of Christopher Primero (Doc. 24), and Motion to Compel (Doc. 44). The Court will deny the Motion to Correct Error, Motion to Suppress, and Motion to Compel as moot in light of the Court's rulings in this Memorandum Opinion and Order.

## **LEAVE TO AMEND**

In deciding whether to dismiss the complaint in whole or in part, the Court is to consider whether to allow plaintiff an opportunity to amend the complaint. Pro se plaintiffs should be given a reasonable opportunity to remedy defects in their pleadings. *Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990). The opportunity to amend should be granted unless amendment would be futile. *Hall,* 935 F.2d at 1109. An amendment is futile if the amended claims would also be subject to immediate dismissal under the Rule 12(b)(6) or § 1915(e)(2)(B) standards. *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004).

The Court will grant Aicher a reasonable opportunity to remedy defects in his pleading. *Reynoldson v. Shillinger*, 907 F.2d at 126. Plaintiff Aicher will have 30 days from the date of entry of this Memorandum Opinion and Order in which to file an amended complaint. Plaintiff's amended complaint should be concise and may raise only facts and issues relevant to the events

and occurrences set out in his original Complaint. Plaintiff is to refrain from including unsupported speculation and he is to avoid lengthy or irrelevant background information or other excessively long narratives.

Further, Plaintiff must allege some personal involvement by an identified official in the alleged constitutional violation to succeed under § 1983. *Fogarty*, 523 F.3d at 1162. Plaintiff's complaint must factually "make clear exactly *who* is alleged to have done *what to whom*" and avoid generalized allegations *Robbins*, 519 F.3d at 1249–50. The amended complaint must state the facts of each separate claim and why Plaintiff believes his constitutional rights were violated. He should include identities of individual defendants and their official positions, a description of their actions, and relevant dates, if available. *See Meade*, 841 F.2d at 1522.

The amended complaint must stand alone and contain all of the plaintiff's claims. *Mink v. Suthers*, 482 F.3d 1244, 1254 (10th Cir. 2007). Plaintiff will not be permitted to file anything in this proceeding other than one amended complaint until further order of the Court. *See Fuentes v. Chavez*, 314 F. App'x 143, 145 (10th Cir. 2009) (there is a limit to how many "bites at the apple" even a pro se party must be given); *see also Steiner v. Concentra, Inc.*, 195 F. App'x 723, 727–728 (10th Cir. 2006). If Plaintiff fails to file an amended complaint or files an amended complaint that does not comply with these directions, the Court may dismiss this action with prejudice and without further notice.

**IT IS ORDERED:**

(1) Plaintiff's Motion to Amend Complaint (Doc. 13), Motion for Appointment of Counsel (Doc. 14), Motion to Suppress First Affidavit of Christopher Primero (Doc. 24), Motion for Leave to Amend (Doc. 32), Motion for Appointment of Counsel (Doc. 33), Motion to Correct

Error (Doc. 39), Motion to Supplement Complaint (Doc. 40), Motion to Supplement Complaint (Doc. 41), and Motion to Compel (Doc. 44) are **DENIED;**

(2) Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 (Doc. 1) is **DISMISSED** for failure to state a claim under Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B); and

(3) Plaintiff is granted leave to file an amended complaint consistent with the Court's rulings within 30 days of entry of this Memorandum Opinion and Order.

_____
ROBERT C. BRACK
UNITED STATES DISTRICT JUDGE